IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20984
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

THOMAS LOREN OVAITT,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-90-5-1
- - - - - - - - - -
July 11, 1997
Before GARWOOD, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Thomas Loren Ovaitt, federal prisoner #54859-079, has appealed the district court's denial of relief relative to his fine and the restitution order.  Ovaitt contends that he is entitled to such relief on grounds of sentence illegality, pursuant to former Fed. R. Crim. P. 35(a).

The district court held that relief was time-barred, because Ovaitt filed his Rule 35 motion more than four years after the

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment imposing his sentence became final and, at most, he asserts only that his sentence was imposed in a illegal manner. This is correct, because a defendant's indigence is not a bar either to the imposition of a fine or to ordering restitution. See United States v. Merritt, 639 F.2d 254, 256-57 (5th Cir. 1981) (fine), and United States v. Ryan, 874 F.2d 1052, 1054 (5th Cir. 1989) (restitution). Furthermore, the district court's not stating reasons relative to the imposition of a fine or a restitution order does not render the sentence illegal. See United States v. Dougherty, 106 F.3d 1514, 1515 (10th Cir. 1997).

Ovaitt contends, for the first time on appeal, that his sentence unconstitutionally delegates authority to the Probation Officer to collect payments on his fine and restitution after he is released from prison. He contends that the implied sentence provision for him to make such payments while he is in prison erroneously directs the Bureau of Prisons (BOP) to collect them. Ovaitt asserts that BOP is withholding an excessive amount of his prison wages as payments on his fine and/or restitution. He contends that this court should order the district court to set a schedule for him to make such payments, for the time when he is incarcerated and for when he is released from prison.

Because these contentions were not raised in the district court, this court reviews them only for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Allegations of error such as these, which involve

questions of fact, have only a remote possibility of rising to the level of plain error.  <u>See</u> <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995).  Ovaitt's claims do not entitle him to relief upon this appeal under the plain-error doctrine.

Insofar as Ovaitt is challenging the manner in which BOP is executing his sentence, his proper remedy is a 28 U.S.C. § 2241 habeas corpus petition, after he has exhausted his administrative remedies.  <u>See</u> <u>United States v. Gabor</u>, 905 F.2d 76, 77-78 (5th Cir. 1990).

JUDGMENT AFFIRMED.